# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2925

_____

In re: Erik J. Nielsen

*Debtor*

------------------------------

Erik J. Nielsen

*Appellant*

v.

ACS, Inc.

Educational Credit Management Corporation

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: April 15, 2013
Filed: April 25, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Erik Nielsen appeals the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's[1] judgment denying Nielsen's request to discharge his student loan debt under the "undue hardship" provision of 11 U.S.C. § 523(a)(8). He also moves to correct the record to include the parties' bankruptcy trial exhibits.

We exercise our discretion to enlarge the record to include Nielsen's trial exhibits, because they were submitted to and reviewed by the bankruptcy court. However, we reject his argument that the bankruptcy court violated his due process rights by not forwarding the exhibits to the BAP, because it was Nielsen's responsibility to designate the record on appeal. See Fed. R. Bankr. P. 8006 (appellant's duty to designate record on appeal). We also conclude that the bankruptcy court did not abuse its discretion in denying Nielsen's last-minute motion to continue his trial.

Having carefully reviewed the record and Nielsen's arguments that directly and meaningfully address claimed errors by the bankruptcy court, we conclude that the court did not clearly err in finding that Nielsen's allergies did not restrict his ability to work, see In re Ungar, 633 F.3d at 679 (this court reviews bankruptcy court's factual determinations for clear error, and its legal determinations de novo), and that Nielsen failed to establish his student loan debt was dischargeable based on undue hardship, see Educ. Credit Mgmt. Corp. v. Jesperson, 571 F.3d 775, 779, 782 (8th Cir. 2009) (court applies totality-of-the-circumstances test in determining undue hardship under § 523(a)(8); debtor bears rigorous burden of proving undue hardship by preponderance of evidence; debtor is not entitled to undue-hardship discharge of student loan debts when current income is result of self-imposed limitations, rather

_____

[1]The Honorable Anita L. Shodeen, United States Bankruptcy Judge for the Southern District of Iowa.

-2-

than lack of job skills, and he has not made payments on loan debt despite ability to do so); In re Long, 322 F.3d 549, 553-55 (8th Cir. 2003) (describing totality-of-circumstances test). We further conclude that the bankruptcy court did not err in considering Nielsen's eligibility for the Income Contingent Repayment Program as one factor in its analysis. See Educ. Credit Mgmt. Corp., 571 F.3d at 782 (student loan debt not discharged when debtor was eligible for Income Contingent Repayment Program, and could make payments under program without compromising minimal standard of living). Nielsen's remaining arguments are meritless and do not warrant extended discussion.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____